IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY KIM GREEN #1796753 | § | |
| v. | § | CIVIL ACTION NO. 6:22cv147 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Bobby Kim Green, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has been permitted to proceed *in forma pauperis*. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.     Relevant Background

According to the petition, Petitioner was convicted in state court in 2012 and did not file a state habeas petition until 2020. (Dkt. #1 at 2–4.) His state habeas petition was denied without written order on May 19, 2021, and he placed his federal petition in the mail on April 14, 2022. (*Id.* at 4, 7.) On April 20, 2022, the Court determined that the petition appeared to be untimely and ordered Petitioner to respond and address the issue of whether his habeas petition is untimely. (Dkt. #5.)

Petitioner's response is now before the Court. The response and attachments to it establish that Petitioner filed a direct appeal after his guilty plea, which was dismissed for lack of jurisdiction by the Twelfth Court of Appeals on July 31, 2012. (Dkt. #7-6.) There is no indication that Petitioner sought discretionary review of that decision. In a letter dated October 24, 2012, his previous counsel informed

Petitioner that he would not represent Petitioner in the filing of any state habeas petition. (Dkt. #7-4.) Petitioner's next action in his case was to file a *pro se* state habeas petition almost eight years later, on August 17, 2020. (Dkt. #7 at 1; Dkt. #7-1 at 2.) The Texas Court of Criminal Appeals denied that petition without written order on May 19, 2021. (Dkt. #7-1 at 12.) As previously observed, Plaintiff mailed his federal petition on April 14, 2022. (Dkt. #1 at 7.)

**II.    Law and Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state criminal convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege any newly-announced constitutional right or newly-discovered factual predicates as required to trigger subsections (C) or (D) of the statute of limitations. Nor does he allege a total lack of access to AEDPA or other action on the part of the state that actually prevented him from filing a timely federal habeas petition, as required to proceed under subsection (B). *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) ("The State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute

of limitations, is just as much of an impediment as if the State were to take "affirmative steps" to prevent the petitioner from filing the application.").

Accordingly, Petitioner's limitations period began to run under subsection (A) in late 2012, when his conviction became final upon the conclusion of direct review, and expired in late 2013. Petitioner's 2022 federal filing can thus only be deemed timely if he benefits from some type of tolling of the limitations period. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But Petitioner did not file such a petition until 2020, long after his federal limitations period had expired. A collateral review petition filed in state court after the AEDPA limitations period expired could not toll or restart that limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Petitioner's suggestion that he was "in the process of filing" his state habeas petition for the entire time between 2012 and 2020 is both unreasonable and irrelevant to the AEDPA tolling provision, which only tolls the limitations period while a state collateral challenge "is pending."

AEDPA's one-year limitations period may also be subject to equitable tolling in extraordinary cases. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case, and a petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). Equity does not benefit those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006).

In his response, Petitioner asserts simply that he "understood" that his limitations period began to run from the denial of his state habeas petition. (Dkt. #7 at 4.) Petitioner's mistake is not a basis for equitable tolling, and no other basis for equitable tolling appears from the record. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling).

Petitioner filed his federal habeas petition more than eight years too late. Because there is no evidence that an extraordinary circumstance actually prevented Petitioner from filing a timely federal petition, he is not entitled to equitable tolling. His Section 2254 petition is therefore untimely and must be dismissed on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the

petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court's procedural ruling in this case is correct. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that this action be dismissed with prejudice as barred by the applicable statute of limitations and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 25th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE