IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BOBBY KIM GREEN, #1796753, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-147-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Bobby Kim Green, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket No. 3. On May 25, 2022, Judge Love issued a Report recommending that the petition be dismissed with prejudice as barred by the applicable statute of limitations and that a certificate of appealability be denied. Docket No. 8. Petitioner received the Report on June 3, 2022, and he mailed timely written objections on June 15, 2022. Docket Nos. 10, 11.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection in this case is without merit. He acknowledges that his conviction became final in late 2013 and that he took no further action to challenge his conviction until April 2021, when he filed a state habeas petition. Docket No. 11 at 1–2. He asserts that there is no statute of limitations on a state habeas petition in Texas. *Id.* at 2. But that does not mean that the federal limitations period does not apply to federal habeas petitions arising in Texas. Regardless of when a state habeas petition is deemed timely in Texas courts, a petitioner seeking to bring a federal challenge to his state conviction must comply with the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

Petitioner also asserts that his 2021 state habeas filing tolled his federal limitations period, so his "limitation period began to run on May 19, 2021 when the Texas court of Criminal Appeals denied his petition." *Id.* He does not acknowledge or provide any reason to reject the Magistrate Judge's contrary legal finding that "[a] collateral review petition filed in state court after the AEDPA limitations period expired could not toll or restart that limitations period." Docket No. 8 at 3 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)). The Magistrate Judge is correct.

Essentially, Petitioner confuses the tolling of a current limitations period with the triggering of a new period. Tolling of the AEDPA limitations period, during the year in which it would otherwise be running, is authorized by Section 2244(d)(2) for the time during which a collateral challenge to the conviction is pending in state court. But it is crystal clear that a state habeas petition that is <u>after</u> the expiration of the one-year federal limitations period does not toll that period. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) ("Because his state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock.");

*Flores v. Quarterman*, 467 F.3d 484, 486 n.2 (5th Cir. 2006) (petition was time-barred where "[w]hile the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, Flores did not file his state application until November 15, 2001—more than one year after his sentence became final, and almost two months after the statute of limitations expired"). Once his AEDPA limitations period had expired, Petitioner's state filings could not trigger a new year to file a federal petition. *Wright v. Cain*, No. CV 14-2830, 2015 WL 12434305, at *6 (E.D. La. Nov. 6, 2015), *report and recommendation adopted*, No. CV 14-2830, 2016 WL 4592161 (E.D. La. Sept. 1, 2016) (holding that petitioner's state filing "did not serve to restart the time period for him to seek federal review," because "post-conviction relief may stand to interrupt the filing period but pursuit of post-conviction relief does not restart the AEDPA limitations period").

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 11) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 8) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as untimely. Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **5th**    day of  **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE